MURRAY, J.
In this appeal, a furniture manufacturer located in Taiwan contends the trial court erred in overruling its exception to personal jurisdiction. We affirm for the reasons that follow.
Phillip Fleming, a Louisiana citizen, filed this personal injury suit for injuries received when a chair, purchased from a New Orleans retailer in 1994, collapsed under him. Among the named defendants were Standard Furniture Manufacturing Company, Inc. and Zurich American Insurance Company, the alleged manufacturer and its insurer (collectively referred to as “Standard”).
Standard subsequently filed a third-party demand for indemnity or contribution against Tube-Smith Industrial Company, Ltd. (Tube-Smith), asserting that Standard was merely the distributor of the chairs manufactured in Taiwan by Tube-Smith. Service of this pleading was made by registered mail under the long arm statute, La. R.S. § 13:3201 et seq., and by an authorized U.S. agency in Taiwan.
| ¡/Tube-Smith responded with the exception of lack of personal jurisdiction now at issue.[1] An affidavit by Tube-Smith’s president, executed in California, states that the chair involved here was of a type sold to International Furniture Marketing, a broker in Taiwan; that Tube-Smith has never had any agents, employees, or sales contracts with anyone in Louisiana, nor has it made a sale “where it was contemplated or known” that the products would be sold in this state; and that “Tube-Smith has never been sued nor instituted suit in any State or Federal Court in the United States.”
In opposition, Standard produced affidavits of two of its employees, as well as some sales records, to establish that Standard markets and sells furniture throughout the United States; that International *645 Furniture Marketing is a U.S. corporation with offices in California and in Taiwan; that Tube-Smith labels and crates its products ■ in English, with the Standard label, and includes assembly instructions in English; that Tube-Smith, not International Furniture Marketing, invoices and ships the products directly to Standard in Alabama; that in a four-year period, Standard bought more than $3 million of furniture from Tube-Smith; that from January 1995 to April 1998, Standard sold 50,794 pieces of Tube-Smith’s furniture in this country, with 960 items sold in Louisiana; and that Tube-Smith’s president has visited Standard’s showrooms in North Carolina and is aware that Standard markets Tube-Smith’s furniture throughout the United States.
Standard argues that this evidence demonstrates that even if Tube-Smith did not purposefully direct its activities at the Louisiana market, it knowingly placed its products into this country’s stream of commerce. Standard thus contends that personal jurisdiction exists because Tube-Smith “could have foreseen, realized, | ^expected, or anticipated that [its] product may eventually be found in this state by reason of its nature and [Standard’s] marketing practices,” as specified in La. R.S. § 13:3201 A(8). Tube-Smith counters, however, that this “stream of commerce” analysis was limited by the U.S. Supreme Court in Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), such that some additional conduct directed at the forum state is necessary before the exercise of personal jurisdiction is justified.
The jurisprudence in this area of the law was reviewed most recently in Ruckstuhl v. Owens Corning Fiberglas Corp., 98-1126, pp. 5-6 (La.4/13/99), 731 So.2d 881, 885-86, cert. denied, 528 U.S. 1019, 120 S.Ct. 526, 145 L.Ed.2d 407 (1999), with the reminder that to satisfy constitutional due process requirements, any exercise of personal jurisdiction over a nonresident must be based upon both the nonresident’s “minimum contacts” with this state as well as “the fairness of the assertion of jurisdiction.” If the party asserting that jurisdiction exists proves that the first prong is met, then the burden shifts to the opponent to show that the exercise of jurisdiction is unfair or unreasonable. Id.
The Ruckstuhl court was presented with the question of whether the minimum contacts requirement was met when a nonresident manufacturer had no direct contact with this state, but nevertheless knew that its product would be combined into an end product that would find its way into Louisiana. In Ruckstuhl, as here, the alternative theories of “stream of commerce” and “stream of commerce plus” were put at issue, leading to a discussion of the underlying jurisprudence. However, the Supreme Court concluded that the case could be decided without reference to either theory based upon the evidence of the close relationship between H & V, the excepting component-part manufacturer, and Loril-lard, the co-defendant that manufactured and marketed the end product. The |4court held that because “H & V, or its subsidiary, made a single product for a single purpose for a single customer for a period of five years,” and H & V “knew and intended” that the end product “would be sold ... on a large scale basis nationwide,” the evidence demonstrated H & V’s intent to conduct activities within this state. Id. at pp. 13-14, 731 So.2d at 890. Therefore, the plaintiffs had carried their burden of proving the minimum contacts necessary for the exercise of personal jurisdiction by a Louisiana court. Id.
In this case, as with the component-part manufacturer in Ruckstuhl, it does not appear that Tube-Smith had any direct contact with this state. However, unlike the Ruckstuhl defendant, Tube-Smith was the end-product manufacturer, and was thus able to direct the distribution of the furniture at issue. See McBead Drilling Co. v. Kremco, Ltd., 509 So.2d 429, 432 (La.1987) (emphasizing the differ *646 ence between the jurisdictional considerations regarding the manufacturer of an allegedly defective product as opposed to other entities in the distribution chain). The evidence presented here plainly demonstrates that Tube-Smith was aware that its product was being marketed throughout the United States, and particularly in the Southeast. It shipped its products directly to Alabama through another U.S. corporation, and its president had visited Standard’s national showroom in North Carolina. The gross sales of Tube-Smith’s products in this country, through Standard alone, exceeded $750,000 annually, and a significant proportion of those sales were made in Louisiana. Based upon this evidence, we cannot say that the court below erred in finding that Tube-Smith intended to conduct activities within this state.
Because the “minimum contacts” test for personal jurisdiction is met, Tube-Smith is required to establish that the exercise of jurisdiction would be unfair or unreasonable. As stated in Ruckstuhl:
Lin determining this fundamental fairness issue, we must examine (1) the defendant’s burden; (2) the forum state’s interest; (3) the plaintiffs interest in convenient and effective relief; (4) the judicial system’s interest in efficient resolution of controversies; and (5) the state’s shared interest in furthering fundamental social policies.
98-1126 at 14, 731 So.2d at 890 (citations omitted).
Tube-Smith contends that because it has no offices, facilities or employees in the United States, the burden of defending this suit would be substantial. However, as noted in Ruckstuhl, supra, “modern transportation has made it less burdensome for a party to defend himself in a state where he engages in economic activity.” Given the evidence of Tube-Smith’s decision to market its products in this country, as well as its direct contacts with companies in California and in Alabama, a neighboring state, requiring the manufacturer to defend its product in a Louisiana court does not appear to be a great burden. Moreover, the interests of convenience and judicial efficiency, as well as that of the injured plaintiff, would be best served by resolving all disputes in a single proceeding. Finally, because the injured party is a Louisiana citizen, this state has an overriding interest in ensuring the enforcement of the Louisiana Products Liability law. Accordingly, it is neither fundamentally unfair nor unreasonable to require Tube-Smith to defend this action in a Louisiana court.
For these reasons, we find that the exercise of personal jurisdiction over this claim against Tube-Smith Industrial Company, Ltd. satisfies constitutional due process requirements. Therefore, the judgment overruling Tube-Smith’s exception is affirmed.
AFFIRMED.

. An exception of improper venue was also asserted in that pleading, but that exception has not yet been heard.